WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Nicole S. Dunn, Esq., SBN 213550
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Telephone: (949) 477-5050; Facsimile: (949) 608-9142
Ndunn@wrightlegal.net

Attorneys for Defendant, OCWEN LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BINGHAM,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company; TD SERVICE FINANCIAL CORPORATION, a California Corporation ; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No.: 5:13-cv-04040-LHK<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE COMPLAINT**<br><br>Hearing<br>Date:　February 13, 2014<br>Time:　1:30 p.m.<br>Ctrm.:　8 |

**TO THE COURT, THE PLAINTIFF AND TO THE OTHER PARTIES:**

　　Defendant, OCWEN LOAN SERVICING, LLC (hereinafter "Defendant") hereby submits its Memorandum of Points and Authorities in support of its Reply to Plaintiff's Opposition to Motion to Dismiss the Complaint as follows:

-1-

# I. ARGUMENT

## A. The Tender Rule Applies

Plaintiff argues that the tender rule does not apply in this matter relying heavily on *Lona v. Citibank, N.A.,* (2011) 202 Cal.App.4th 89. In *Lona,* the court set forth four exceptions to the tender rule: (1) if the borrower attacks the validity of the underlying debt; (2) if the borrower has a set-off against the beneficiary; (3) if tender is inequitable to the borrower; and (4) if the trustee's deed is void on its face. *Lona, supra,* at p. 112-114. More specifically, Plaintiff argues that three of the recognized exceptions to the tender rule apply to this case. Namely, Plaintiff states that tender is not required based on the following exceptions: (1) the Plaintiff is challenging the validity of the underlying debt; (2) Plaintiff claims an offset; and (3) the trustee's deed is void on its face. [Opposition ("Opp.") 7:25-8:26]. Each of these exceptions is easily disposed of.

The first exception to the tender rule noted in *Lona*, provides that tender is not required where the borrower challenges the validity of the underlying debt. *Id.* at 112-114. The problem for Plaintiff here is that he is not actually challenging the validity of the underlying debt, but rather, at most, he is challenging the validity of the <u>sale</u> because it allegedly violated Civil Code §2923.6. [Opp. 8:20-25]. Plaintiff admits in the opposition that he is claiming "the sale is void." [Opp. 8:20 and 8:25]. Since this is not the same as an outright challenge to the validity of the underlying debt the exception to the tender rule does not apply.

The second exception is also inapplicable because there is no allegation that Defendants owed Plaintiff any debt, thus there cannot be any offset.

The last exception to the tender rule noted in *Lona* is that when the trustee's deed is void on its face, Plaintiff is excused from the tender requirement. Plaintiff cites to cases involving pre-sale actions to delay foreclosure such as *Tamburri v. Suntrust Mortgage, Inc.,* No. C 1 1—02899 EMC, 2011 WL 6294472 (N.D.Cal., Dec. 20, 2012); *Sacchi v. Mortgage Electronic Registration Sys., Inc.,* No. C11-

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE COMPLAINT

01658 AHM (CWx), 2011 WL 2533029 (C.D. Cal., June 24, 2011). "A growing number of federal courts have explicitly held that the tender rule only applies in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place." *Barrionuevo v. Chase Bank, N.A.*, 885 F.Supp.2d 964, 970 (N.D.Cal.2012) (citing cases). Here, the sale occurred in June 2013. [Opp. 4:3-6]. Finally, the complaint contains no allegations of full tender and only a conclusory allegation that tender should be excused. Accordingly, none of the *Lona* exceptions to the Tender Rule apply and the Tender Rule acts to bar each and every cause of action in the Complaint.

Here, Plaintiff admits that he entered into a loan transaction, does not dispute that he is in default, and makes no attempt to allege that he offered to tender, or in fact did tender, an amount sufficient to reinstate or pay off his loan. [Complaint, generally]. The absence of a truthful allegation of ability and willingness to tender the amount owed dooms Plaintiff's request for relief. Thus, the Motion should be granted without leave to amend.

### B. Ocwen Did Not Violate *Civil Code* Section 2923.6

Plaintiff reiterates the fact that in May 2013 he attempted to fax his loan modification documents to Ocwen which was unsuccessful since the fax contact did not work. [Opp. 6:6-18]. He waited until June 5, 2013 to email the documents. Id. Unfortunately, this was five (5) days prior to the foreclosure sale. Id. Plaintiff asserts that because Ocwen denied the loan modification application, it did not provide a 30 day appeal-period and foreclosed during the appeal-period. [Opp. 7:1-4].

The California Legislature has enacted a new statutory scheme "to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have meaningful opportunities to obtain available loss mitigation options, if any offered, by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure." *Civil Code* § 2923.4 (Emphasis

-3-

added). "It is the intent of the Legislature that the mortgage servicer offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority." *Civil Code* §2923.6(b).

However, the Legislature made very clear, "Nothing in the act ... shall be interpreted to require a particular result of that process." *Civil Code* §2923.4. *Civil Code* §2923.6 does not grant a right to a loan modification. *Intengan v. BAC Home Loans Servicing LP*, (2013) 214 Cal.App.4th 1047, 733-734. To the contrary, it "merely expresses the hope that lenders will offer loan modifications on certain terms" and "conspicuously does not require lenders to take any action." *Mabry v. Superior Court,* (2010) 185 Cal.App.4th 208, 222 & fn. 9. In other words, if the mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, the servicer may conduct a trustee's sale. *Civil Code* §2923.6 (c)(1). In short, Ocwen had no duty under California law to modify the loan if Plaintiff was deemed ineligible. Plaintiff cites to no authority stating there was a duty under the federal law to modify his loan.

### 1. Plaintiff is Not Entitled To Damages Under *Civil Code* §§2924.12(b), or 2924.19(b).

Plaintiff backpedals in the Opposition stating that because he requested a permanent injunction that relief is available under *Civil Code* §§2924.12(a)(1). Damages pursuant to *Civil Code* §§2924.12(a)(1) are not alleged in the Complaint. Further, Plaintiff fails to address the fact that he is not entitle to damages under *Civil Code* §§2924.12(b), or 2924.19(b) [Complaint, ¶19 and fn. 1, Prayer 3-4] because these code sections only apply to situation where the Trustee's Deed has been recorded. No Trustee's Deed has recorded. Plaintiff is precluded from obtaining any damages based on these statutes.

///
///
///

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE COMPLAINT

## II. CONCLUSION

Defendant respectfully requests the Court to dismiss Plaintiff's Complaint, with prejudice, under FRCP Rule 12(b)(6) for failure to state a claim for which relief can be sought.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: October 10, 2013    By:    /s/ Nicole S. Dunn
T. Robert Finlay, Esq.
Nicole S. Dunn, Esq.
Attorneys for Defendant, OCWEN LOAN SERVICING, LLC

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE COMPLAINT

# PROOF OF SERVICE

I, Jovete Elguira, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On October 10, 2013, I served the within **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE COMPLAINT** on all interested parties in this action as follows:

[X] by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Jeremy Alberts, Esq.
The Alberts Firm
1600 N. Broadway, Suite 1010
Santa Ana, CA 92706

[X] (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X] (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E).

[ ] (BY OVERNIGHT EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X] (FEDERAL) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 10, 2013, at Newport Beach, California.

_____
Jovete Elguira