1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA

10        SAN JOSE DIVISION

11

United States District Court

12                                          )   Case No.: 13-CV-04040-LHK
     MARK BINGHAM, an individual,           )
13                                          )
                    Plaintiff,              )   ORDER DENYING DEFENDANTS'
14        v.                                )   MOTION TO DISMISS
                                            )
15   OCWEN LOAN SERVICING, LLC, a Delaware )
     Limited Liability Company; TD SERVICE  )
16   FINANCIAL CORPORATION, a California     )
     Corporation; and DOES 1 through 100,   )
17   inclusive,                             )
                                            )
18                                          )
                    Defendants.             )
19   _____)

20        Ocwen Loan Servicing, LLC, ("Ocwen") and TD Service Financial Corporation ("TD")

21   (collectively, "Defendants") move to dismiss Plaintiff Mark Bingham's Complaint. ECF No. 10.

22   Plaintiff opposes the motion, ECF No. 13, and Defendant has filed a reply, ECF No. 14. Pursuant

23   to Civil Local Rule 7-1(b), the Court finds this matter suitable for decision without oral argument

24   and accordingly VACATES the hearing on this motion set for May 22, 2014, at 1:30 p.m. The

25   Case Management Conference scheduled for May 22, 2014 remains as set. Having considered the

26   submissions of the parties and the relevant law, the Court for the reasons stated below DENIES

27   Defendants' motion to dismiss.

28

1

United States District Court

# I.      BACKGROUND

## A.      Factual Allegations

On or about December 8, 2006, Plaintiff received a $500,000 loan from American Home Mortgage ("AHM") secured by a Deed of Trust encumbering the real property located at 185 Aquila Way, Boulder Creek, CA 95006 ("Subject Property"). *See* Complaint ¶ 12; Request for Judicial Notice ("RJN") Ex. 1, at 2. Plaintiff failed to make payments under the terms of the Note and Deed of Trust, and on August 21, 2012, with the loan at $47,415.36 in arrears, foreclosure proceedings were initiated with the recordation of a Notice of Default ("NOD"). RJN Ex. 2, at 1–2. The following day, August 22, 2012, the Deed of Trust was assigned and all beneficial interest under the Deed was transferred to Deutsche Bank National Trust Company ("Deutsche Bank"), as Trustee for American Mortgage Assets Trust 2007-2, Mortgage-Backed Pass-Through Certificates Series 2007-2. RJN Ex. 3, at 1. Plaintiff alleges that in approximately February 2013, Defendant Ocwen acquired Plaintiff's loan and the Deed of Trust to the Subject Property. Complaint ¶ 12.

In February 2013, Plaintiff was notified that Ocwen would be Plaintiff's loan servicer as of March 1, 2013. *Id.* ¶ 13. On May 17, 2013, a Substitution of Trustee was recorded wherein Homeward Residential, Inc., acting as attorney-in-fact for Deutsche Bank, named Power Default Services, Inc. as the substitute trustee under the Deed of Trust. RJN Ex. 4, at 1–2. Sometime in May of 2013, Plaintiff received notice that Ocwen had scheduled a trustee's sale to take place on June 12, 2013. *Id.*; RJN Ex. 5, at 2.

Plaintiff alleges that he visited Ocwen's website in May 2013. Complaint ¶ 14. Ocwen solicited loan modifications on its website with a link ("Click here and you can start a loan mod") that directed users to forms which the user could fill out and fax to Ocwen to apply for a loan modification. *Id.* Plaintiff filled out and printed the forms, and attempted to fax them to Ocwen. *Id.* Despite Plaintiff's repeated attempts, the fax contact listed on the website did not work. *Id.*

On approximately June 5, 2013, Plaintiff again attempted to fax the documents, but after his attempt once again failed, Plaintiff scanned and emailed the documents to Mod@Ocwen.com. *Id.* ¶ 15. Plaintiff thereafter received no requests for documents from Ocwen, and seven days later on

2

United States District Court

June 12, 2013, Plaintiff's property sold at a trustee's sale conducted by Defendant TD, acting as trustee for Ocwen. *Id.* Plaintiff alleges that Ocwen reacquired the property at the sale. *Id.* No trustee's deed upon sale was or has been recorded. Defendants' Motion to Dismiss ("Mot.") at 7, ECF No. 10.

On or about June 14, 2013, Plaintiff received a letter dated June 11, 2013, informing him that Ocwen had received Plaintiff's application for loan modification, but that Ocwen had denied the application because a foreclosure sale date was scheduled within seven days of Ocwen's receipt of the application. *Id.* ¶ 16.

### B.   Procedural History

Plaintiff filed his Complaint against Defendants in Santa Cruz County Superior Court on July 17, 2013 ("Complaint"), and Defendants removed the case to this Court on August 30, 2013. ECF No. 1. After the parties declined to proceed before a Magistrate Judge, the case was reassigned to the undersigned judge on September 17, 2013. ECF No. 8. After reassignment, Defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 10.[1] On October 3, 2013, Plaintiff filed an opposition to Defendants' motion to dismiss, ("Opp'n"), ECF No. 13, and Defendants filed a reply on October 10, 2013 ("Reply"), ECF No. 14.

Defendants accompanied their motion to dismiss with a request that the Court take judicial notice of the following documents relating to the Subject Property: (1) a Deed of Trust recorded on December 16, 2006; (2) a Notice of Default and Election to Sell Under Deed of Trust recorded on August 21, 2012; (3) an Assignment of Deed of Trust recorded on August 22, 2012; (4) a Substitution of Trustee recorded on May 17, 2013; and (5) a Notice of Trustee's Sale recorded on May 17, 2013. ECF No. 11. The Court GRANTS Defendants' unopposed request, and has taken notice of the attached undisputed public documents, on which both parties rely in their briefs. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 n.1 (9th Cir. 2004) (granting judicial notice over "undisputed matters of public record"); *see also* Fed. R. Evid. 201(d)

---

[1] Defendants had moved to dismiss the Complaint before reassignment. ECF No. 4. In light of the fact that the motion was re-noticed, the Court denies as moot the pre-reassignment motion.

Case No.: 13-CV-04040-LHK
ORDER DENYING MOTION TO DISMISS

1   (providing that upon request a court shall take notice of adjudicative facts if such facts "are not

2   subject to reasonable dispute").

3   **II.      LEGAL STANDARD**

4          Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an

5   action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

6   *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

7   pleads factual content that allows the court to draw the reasonable inference that the defendant is

8   liable for the misconduct alleged. The plausibility standard is not akin to a 'probability

9   requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

10  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). For purposes of ruling on a

11  Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and

12  construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul*

13  *Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

14         However, a court need not accept as true allegations contradicted by judicially noticeable

15  facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond

16  the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion

17  into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is a

18  court required to "'assume the truth of legal conclusions merely because they are cast in the form

19  of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)

20  (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory

21  allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."

22  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

23  Furthermore, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that

24  he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir.

25  1997) (internal quotation marks and citation omitted).

26

27

28

United States District Court

**III.    DISCUSSION**

Plaintiff's Complaint alleges that Defendants violated Section 2923.6 of the California Homeowner Bill of Rights ("HBOR") by foreclosing on Plaintiff's home while Plaintiff was eligible for and sought a loan modification. Complaint ¶¶ 18–23; Cal. Civ. Code § 2923.6.[2] This practice is known as "dual track foreclosure," and is specifically prohibited by Section 2923.6(c) of the HBOR. § 2923.6(c); *see also Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 904 (2013); *Rockridge Trust v. Wells Fargo NA*, No. 13-1457, 2014 WL 688124 (N.D. Cal. Feb. 19, 2014). Plaintiff brings this action under Section 2924.12, which provides a cause of action for material violation of Section 2923.6, and seeks injunctive and monetary relief under subsections (a) and (b), respectively. *See* § 2924.12. However, the statutory scheme under 2924.12(a) contemplates injunctive relief only to prevent a foreclosure sale before it occurs. § 2924.12(a)(2) (providing that "[a]ny injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that" the underlying violation has been remedied). Here, the Subject Property was sold at a trustee's sale on June 12, 2013. Accordingly, to the extent Plaintiff seeks to set aside the completed sale, Plaintiff's claim for injunctive relief amounts to an action in equity for wrongful foreclosure. *See Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 103 (2011) ("After a nonjudicial foreclosure sale has been completed, the traditional method by which the sale is challenged is a suit in equity to set aside the trustee's sale.").

Defendants move to dismiss the Complaint on several grounds. First, Defendants contend that Section 2923.6 does not provide a private right of action, and therefore that Plaintiff has failed to state a claim upon which relief may be granted. Mot. at 6. Second, Defendants assert that because Ocwen did not offer loan modifications, Section 2923.6 is inapplicable. *Id*. Third, Defendants argue that a trustee's deed upon sale must be recorded to recover damages under Section 2924.12(b), and that because no such deed has been recorded, Plaintiff's claim for damages fails. *Id*. at 7. Finally, Defendants argue that to set aside or cancel a foreclosure sale, Plaintiff must tender or offer to tender a sum sufficient to cure default, and that because Plaintiff has failed do so,

---

[2] All statutory references are to the California Civil Code unless otherwise indicated.

5

1    the Complaint fails to state a cause of action. Mot. at 3–5. The Court rejects each of Defendants'

2    arguments. Specifically, for the reasons stated below the Court finds that Section 2924.12 provides

3    a private right of action for violation of Section 2923.6, that Plaintiff has sufficiently alleged a

4    claim for violation of Section 2923.6 and 2924.12, and that Plaintiff's claim for damages is

5    sufficient to survive a motion to dismiss. The Court also declines to dismiss the Complaint for

6    failure to tender. Accordingly, the Court DENIES Defendants' motion to dismiss. Before turning to

7    Defendants' arguments in their motion to dismiss, the Court briefly discusses the relevant

8    provisions of the HBOR.

9    **A.      The Homeowner Bill of Rights**

10            California's HBOR, which took effect January 1, 2013, reformed aspects of the state's

11   nonjudicial foreclosure process by amending the California Civil Code to prohibit deceptive and

12   abusive home foreclosure practices. *See Flores v. Nationstar Mortgage LLC*, No. 13-3898, 2014

13   WL 304766, at *3 (C.D. Cal. Jan. 6, 2014); *Singh v. Bank of America, N.A.*, No. 13-729, 2013 WL

14   1858436, at *2 (E.D. Cal. May 2, 2013). Before these recent amendments, the statute at issue in

15   this case, Section 2923.6, contained only the first two current subsections, (a) and (b), which

16   "merely express the hope that lenders will offer loan modifications on certain terms." *Mabry v.*

17   *Superior Court*, 185 Cal. App. 4th 208, 222 (2010). The HBOR added to these preexisting

18   aspirational provisions several express prohibitions in subsections (c) through (k). *See Vasquez v.*

19   *Bank of Am., N.A.,* No. 13-2902, 2013 WL 6001924, at *7 (N.D. Cal. Nov. 12, 2013) (explaining

20   the effects of the HBOR on Section 2923.6).

21            The relevant subsection here, 2923.6(c), now provides that "[i]f a borrower submits a

22   complete application for a first lien loan modification offered by, or through, the borrower's

23   mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall

24   not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first

25   lien loan modification application is pending." After a complete loan modification application has

26   been submitted, a servicer "shall not record a notice of default or notice of sale or conduct a

27   trustee's sale until any of the following occurs: (1) The mortgage servicer makes a written

28

United States District Court

6

determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired; (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer; (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification." *Id*. Subsection (d) states that "the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error." *Id*.

The HBOR also added Section 2924.12, which expressly provides a private cause action for violations of the new provisions, including 2923.6. *See* § 2424.12. Available remedies under Section 2924.12 depend upon whether a trustee's deed has or has not been recorded:

> (a) (1) If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section . . . 2923.6.
> (2) Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief. An enjoined entity may move to dissolve an injunction based on a showing that the material violation has been corrected and remedied.
>
> (b) After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section . . . 2923.6 . . . by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale. If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000).

§ 2924.12.

Here, Plaintiff alleges he submitted an application for a loan modification on June 5, 2013, and that despite his pending loan modification application, Defendants continued with nonjudicial foreclosure proceedings. Complaint ¶ 15. On June 14, 2013, two days after his home was sold at a foreclosure auction, Plaintiff received a written denial of his application for a loan modification, dated June 11, 2013. Plaintiff contends that Defendants were prohibited by 2923.6 from foreclosing upon and selling Plaintiff's property until Defendants had issued a written determination regarding Plaintiff's application for loan modification and the 30-day statutory appeals period had expired.

1

**B.    Existence of a Private Right of Action under 2923.6**

2

In their motion to dismiss, Defendants contend that "Section 2923.6 does not provide a

3

private right of action." Mot. at 7. Defendants are incorrect, and the authorities to which

4

Defendants cite are inapposite. The previous version of Section 2923.6 provided no private right of

5

action, and the cases cited by Defendants interpret this prior version of the law. *Id*. at 6–7 (citing

6

*Pitre v. Wells Fargo Bank, N.A. Mortgage Servicer*, 2013 WL 2156315, at *3 (N.D. Cal. May 17,

7

2103) (applying pre-HBOR Section 2923.6 to acts which occurred prior to the effective date of the

8

new provisions, and finding no private right of action under the former statute)).[3] Following the

9

HBOR amendments, which took effect as of January 1, 2013, Section 2923.6 now explicitly

10

prohibits dual tracking and other practices, and Section 2924.12 provides actions for both

11

injunctive and monetary relief for violations of, *inter alia*, Section 2923.6. *See* §§ 2923.6, 2924.12;

12

*Vasquez*, 2013 WL 6001924, at *7 (explaining the effects of the HBOR on Section 2923.6). As

13

Judge Tigar has held, Section 2924.12 provides "explicit borrower right of action provisions" for

14

violations of the amended Section 2923.6. *Vasquez*, 2013 WL 6001924, at *7. Here, all of the

15

allegedly wrongful conduct occurred in June 2013, after the effective date of the HBOR.

16

Accordingly, Defendants' argument is based on what is now inapplicable case law, and the Court

17

finds that Section 2924.12 provides a private right of action to enforce Section 2923.6.

18

**C.    Application for a Loan Modification Offered by a Mortgage Servicer**

19

Defendants also contend that because "Ocwen did not offer [loan] modifications less than

20

seven days before the foreclosure sale[,]" Section 2923.6(c) is inapplicable. Mot. at 6. Defendants

21

base this argument on the language of Section 2923.6(c)(1), which provides that "[i]f a borrower

22

_____

23

[3] Defendants also cite three cases which, in addition to all having been decided under the pre-
HBOR version of the statute, all hold that there is no duty under Section 2923.6 to agree to a loan

24

modification. *See, Hamilton v. Greenwich Investors UUVI, LLC*, 195 Cal. App. 4th 1602, 1617
(2011); *Farner v. Countrywide Home Loans*, 2009 WL 189025, at *2 (S.D. Cal. Jan. 26, 2009);

25

*Bulaoro v. Oro Real, Inc.*, 2011 WL 6372458, at *9 (N.D. Cal. Dec. 20, 2011). Although these
cases remain good law after the recent amendments to Section 2923.6, they too are inapposite.

26

Plaintiff does not bring his action because his application for a loan modification was denied, but
rather because Defendants violated the mandatory procedural requirements in Section 2923.6(c) by

27

not suspending foreclosure proceedings upon receiving Plaintiff's application and by failing to

28

afford him the statutory period of 30 days to appeal Defendant's denial. *See* Complaint ¶¶ 13–16.

United States District Court

8

United States District Court

submits a complete application for a first lien modification *offered by*, or through, the borrower's mortgage servicer[,]" no notice of default or notice of sale shall be recorded, or trustee's sale conducted, while the loan modification application is pending. § 2923.6(c)(1) (emphasis added). Defendants' argument appears to be that no loan modification was "offered by" Ocwen, so Section 2923.6(c) does not apply. Mot. at 6. The assertion that Ocwen did not offer loan modifications is contradicted by Plaintiff's allegations that he: (1) followed a link on Ocwen's website titled "Click here and you can start a loan mod"; and (2) filled out the loan modification application found through that link. Complaint ¶ 14. Defendants' assertions to the contrary are unavailing on a motion to dismiss, which requires the Court to consider only the well-pleaded allegations in the Complaint. Construing such allegations in Plaintiff's favor, the Court finds Plaintiff has sufficiently stated a claim for relief under Section 2923.6.[4]

### D.     Appropriate Remedies

Plaintiff seeks both injunctive and monetary relief under Section 2924.12. Complaint at 6. As discussed above, to the extent that Plaintiff seeks to set aside the completed foreclosure sale of the Subject Property, Plaintiff's claim for injunctive relief amounts to a common law action for wrongful foreclosure as well. Defendants move to dismiss the action for want of available relief. Mot. at 7. Defendants challenge Plaintiff's statutory claims on the ground that no trustee's deed upon sale has been recorded. *Id*. Under 2924.12(a) injunctive relief is available to enjoin violation of, *inter alia*, 2923.6, before a trustee's deed of sale is recorded, and following the recordation of such a deed a plaintiff may seek post-sale damages under 2924.12(b). § 2924.12. Because here the Subject Property was sold at a foreclosure sale, injunctive relief under the statute may no longer be available to Plaintiff, despite the fact that no trustee's deed upon sale has been recorded. Defendants also argue that no injunctive relief is available under 2924.12(a) because Plaintiff has not tendered or offered to tender a sum sufficient to cure default. Mot. at 3. As for monetary

---

[4] Defendants' argument is not entirely clear, and to the extent that Defendants contend that Ocwen did not affirmatively offer a loan modification, and that instead Plaintiff *sought* a loan modification through Ocwen's website, Defendants cite no authority that suggests the statute should be read so narrowly, nor is the Court aware of any decisions interpreting the statute in this way.

Case No.: 13-CV-04040-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court

1  damages, Defendants contend that because they did not record a deed upon sale, Plaintiff may not

2  seek damages under Section 2924.12(b). *Id*. at 7.

3       For the reasons set forth below, the Court denies Defendants' motion to dismiss. The Court

4  begins by discussing statutory remedies and then turns to common law remedies.

5           **1.**      **Statutory Claim**

6       Section 2924.12 provides actions for homeowners to seek both damages and injunctive

7  relief for violations of Section 2923.6. As discussed above, if a trustee's deed upon sale has been

8  recorded, Section 2924.12(b) provides an action for economic and statutory damages. If a trustee's

9  deed upon sale has not been recorded, Section 2924.12(a) authorizes injunctive relief.

10       Defendants move to dismiss on the ground that neither statutory remedy is available to

11  Plaintiff. Mot. at 3, 7. First, Defendants contend that Plaintiff may not seek injunctive relief

12  because Plaintiff failed to tender a sum sufficient to cure default. *Id*. at 3. Second, Defendants

13  assert in their motion to dismiss that because Defendants have not yet recorded a trustee's deed

14  upon sale, Plaintiff cannot recover damages under Section 2924.12(b). *Id*. at 7. The Court rejects

15  both arguments for the reasons set forth below and therefore denies the motion to dismiss on the

16  basis of lack of statutory remedies.

17       First, Section 2924.12(a) provides that if "a trustee's deed upon sale has not been recorded,

18  a borrower may bring an action for injunctive relief to enjoin a material violation of Section . . .

19  2923.6 . . . ." § 2924.12(a)(1); *see also* § 2924.12(a)(2) (providing that any such injunction shall

20  remain in place until any violations have been remedied). Because Section 2924.12(a) contains no

21  tender requirement, Plaintiff need not tender insofar as his prayer for injunctive relief is based upon

22  this statute. *See Mojanoff v. Select Portfolio Servicing Inc.*, No. LC100052 (Cal. Super. Ct. May

23  28, 2013) (finding that "the California Home Owner Bill of Rights . . . imposes no tender

24  requirement."). Here, no trustee's deed upon sale has been recorded, and thus Plaintiff may seek

25  injunctive relief under Section 2924.12(a), regardless of tender.[5]

26

27     [5] Few courts have specifically addressed the question of tender in post-HBOR Section 2923.6
28  actions, and the results have been inconsistent among the courts that have. At least two federal
   courts have dismissed actions for failure to tender when a Section 2923.6 claim is brought in

1    Second, Plaintiff seeks relief under 2924.12(b), which provides an action to recover

2    monetary damages for violation of 2923.6 and related subsections once a trustee's deed upon sale

3    has been recorded. Complaint at 6.[6] Defendants argue that because no such trustee's deed has yet

4    been recorded, Plaintiff cannot recover damages under the statute. Mot. at 7.

5        A recent decision from the Central District of California involving the Defendants in this

6    case suggests that despite the literal language of Section 2924.12(b), failure to record a trustee's

7    deed upon sale may not necessarily preclude recovery of monetary damages. *See Copeland v.*

8    *Ocwen Loan Servicing, LLC*, No. 13-5708, 2014 WL 304976, at *5 (C.D. Cal. Jan. 3, 2014). In

9    *Copeland*, Ocwen argued that because Ocwen served notice of sale on the plaintiff but did not

10   actually record the notice, Ocwen had not violated Section 2923.6. *Id.* Judge Reess observed that

11   "[b]y simply not recording any instruments, Defendants seem to believe they can circumvent the

12   ban on dual tracking." *Id.* Judge Reess denied the motion to dismiss, finding that to bar recovery in

13   such a case "would be a perversion of the spirit of the HBOR, which seeks to prohibit foreclosure

14   while a borrower is simultaneously being considered for loan modifications." *Id.*

15

16

17

18

---

19   conjunction with other claims that require tender, such as common law actions for wrongful
20   foreclosure. *See Salcido v. Vericrest Fin. & Summit Mgmt. Co. LLC*, No. 13-3450, 2013 WL
     5946090, at *3 (N.D. Cal. Nov. 5, 2013) (dismissing with prejudice claims under Section 2923.5
21   and 2923.6 because the plaintiff did not qualify as a borrower under the statute, and noting the
     claims were also defective because plaintiff had failed to tender); *Valenzuela v. Wells Fargo Bank*
22   *Nat. Ass'n*, No. 13-1620, 2014 WL 309438 (E.D. Cal. Jan. 28, 2014) (holding that absent a
     "credible, legitimate tender, [plaintiff sought] empty remedies, not capable of being granted," and
23   that "failure to require a tender of [plaintiff's] indebtedness would provide him an unjustified
     windfall"). However, the Court is aware of three recent state courts decisions refusing to require
24   tender where plaintiffs brought dual tracking claims like those in this case. *See Senigar v. Bank of*
25   *Am.*, No. MSC13-00352 (Cal. Super. Ct. Feb. 20, 2013) (rejecting tender argument for a dual
     tracking and Section 2923.7 single-point-of-contact claim); *Pearson v. Green Tree Servicing*, No.
26   13-01822 (Cal. Super. Ct. Contra Costa Cnty. Sept. 10, 2013) (same); *Mojanoff*, No. LC100052
     (Cal. Super. Ct. May 28, 2013) (finding that the HBOR contains no tender requirement).
27   [6] Section 2924.12(b) authorizes an award of actual damages, or upon a finding of willful, reckless,
     and/or intentional material violation, the greater of treble damages or $50,000. Section 2924.12(b).
28

11

United States District Court

1    Because under the Complaint as plead, Plaintiff is entitled to some remedy, the Court

2    denies Defendants motion to dismiss Plaintiff's statutory claims on the basis of lack of statutory

3    remedies.[7]

### 2.    Common Law Claim

5    Defendants also contend Plaintiff's action amounts to an action in equity for wrongful

6    foreclosure, and move to dismiss the Complaint for failure to tender or offer to tender a sum

7    sufficient to cure default. Mot. at 3–5. Defendants argue that absent full tender or an offer to

8    tender, Plaintiff is barred from seeking injunctive relief. *Id*. The Court declines to dismiss the

9    Complaint for failure to tender because the tender rule may be excused where it would be

10   inequitable to require tender, and the Court finds that the equities cannot be resolved on the

11   pleadings alone.

12   In California, a foreclosure sale may be set aside by bringing a common law action in

13   equity for wrongful foreclosure, "a proper claim for [which] is comprised of the following

14   elements: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of

15   real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the

16   sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases

17   where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of

18   the secured indebtedness or was excused from tendering." *Rockridge Trust*, 2014 WL 688124, at

19   *18; *Lona*, 202 Cal. App. 4th at 103 ("After a nonjudicial foreclosure sale has been completed, the

20   traditional method by which the sale is challenged is a suit in equity to set aside the trustee's

21   sale.").

---

[7] Defendants contend that because Plaintiff failed to cite to the first subsection in Section 2924.12, which provides injunctive relief for violations of Section 2923.6, he cannot seek injunctive relief under that subsection. Reply at 4. Defendants are correct that Plaintiff did not cite to Section 2924.12(a), but fail to note Plaintiff prays for injunctive relief "pursuant to statute." Complaint at 6. On a motion to dismiss, the Court views the pleadings in the light most favorable to the nonmoving party—the Plaintiff. *See Manzarek*, 519 F.3d at 1031. Accordingly, the Court concludes that Plaintiff's invocation of the "statute" in his prayer for injunctive relief sufficiently encompasses Section 2924.12(a).

1   The tender rule thus provides that an equitable wrongful foreclosure "action to set aside a

2   trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay

3   the full amount of the debt for which the property was security." *Arnolds Mgmt. Corp. v. Eischen*,

4   158 Cal. App. 3d 575, 578, 205 Cal. Rptr. 15 (1984); *see also Karlsen v. Am. Sav. & Loan Assn.*,

5   15 Cal. App. 3d 112, 117, 92 Cal. Rptr. 851 (1971) ("valid and viable tender of payment of the

6   indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust"). "This

7   rule is rooted in equity and premised on the notion that it would be futile to set aside a foreclosure

8   sale on the technical ground that notice was improper, if the party making the challenge did not

9   first make full tender and thereby establish his ability to purchase the property." *Alvarez v. Wells*

10   *Fargo Bank, N.A.*, No. 12-9661, 2013 WL 425097, at *4 (C.D. Cal. Jan. 31, 2013) (internal

11   quotation marks and citation omitted).

12   But the tender rule is not absolute, and is not without exceptions. *See Lona*, 202 Cal. App.

13   4th at 112 (listing four well-established exceptions to the tender rule, including excusing tender

14   where it would be inequitable to require it). California courts have long recognized that although

15   "[t]he rules which govern tenders are strict and are strictly applied," *Nguyen v. Calhoun*, 105 Cal.

16   App. 4th 428, 439 (2003), "viewing the question generally, it is certainly not the law that an offer

17   to pay the debt must be made, where it would be inequitable to exact such offer of the party

18   complaining of the sale." *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 291 (1911); *see also*

19   *Onofrio v. Rice*, 55 Cal. App. 4th 413, 424, (Cal. Ct. App. 1997) ("Tender may not be required

20   where it would be inequitable to do so.").

21   Because tender is an equitable concept, courts have held that "[w]hether Plaintiffs are

22   required to tender is a matter of discretion left up to the Court," and that "failure to allege tender is

23   not decisive at [the pleading] stage." *Storm v. Am.'s Servicing Co.*, No. 0911206, 2009 WL

24   3756629, at *6 (S.D. Cal. Nov. 6, 2009); *accord Nguyen v. JP Morgan Chase Bank N.A.*, No. 12-

25   4183, 2013 WL 2146606, at *6 (N.D. Cal. May 15, 2013) (exercising discretion to decline to apply

26   tender at pleadings state). *But see Wilson v. Household Fin. Corp.*, No. 12-1413, 2013 WL

27   1310589, at *8 (E.D. Cal. Mar. 28, 2013) (holding that tender is not a matter of discretion, and that

28

13

1   "when a foreclosure has occurred, a party must tender the amount of the indebtedness to challenge

2   a voidable sale for irregularities in the sale procedure"). In *Nguyen v. JP Morgan Chase*, noting

3   that "[t]he tender element of wrongful foreclosure is an equitable concept," Judge Grewal

4   "decline[d] to apply the tender rule at [the] pleading stage without an 'opportunity to undertake a

5   more informed analysis of the equities.'" 2013 WL 2146606, at *6 (quoting *Tamburri v. Suntrust*

6   *Mortgage, Inc.*, No. 11-2899, 2011 WL 6294472, at *5 (N.D. Cal. Dec. 15, 2011)).

7          Here, the Court finds that further factual development is needed to enable the Court to

8   adequately assess the equities. The Court notes that even at this stage, there are two factors that

9   suggest that excusing tender would be appropriate in this case. First, it remains unclear at this point

10   in the litigation whether Plaintiff is entitled to relief under the statute, either in the form of

11   monetary remedies under Section 2924.12(b), or injunctive relief under 2924.12(a). S*ee supra* Part

12   III.D. If Defendants' failure to record a trustee's deed upon sale precludes Plaintiff from seeking

13   monetary damages, the only other remedy available to Plaintiff would be injunctive relief. *See* §

14   2924.12(a), (b). However, if, as Defendants contend, injunctive relief under 2924.12(a) is limited to

15   *pre*-sale postponement of foreclosure proceedings, then Plaintiff's only available remedy would be

16   injunctive relief at common law, because the statutory injunctive relief would have no force where,

17   as here, the sale has already occurred. In this circumstance, requiring tender for injunctive relief at

18   common law could effectively leave Plaintiff with no remedy whatsoever for Defendants' violation

19   of 2923.6, which the Court likely would be inclined to view as sufficiently inequitable to excuse

20   tender.

21          Second, the Court notes that in cases where monetary damages are unavailable due to a

22   defendant's failure to record a trustee's deed upon sale, requiring full tender would render the

23   mandatory language in Section 2923.6 meaningless, and if no trustee's deed upon sale is ever

24   recorded, leave homeowners with no remedy at all. Lenders could simply ignore the statute and

25   foreclose upon homeowners who appear unable to tender the full amount of the debt for which the

26   property was security while a loan modification application is still pending. *See* § 2923.6(c) (a

27   servicer "*shall* not record a notice of default or notice of sale, or conduct a trustee's sale, while the

28

United States District Court

14

United States District Court

1   complete first lien loan modification application is pending"); *see also* § 2924.12(b) ("After a

2   trustee's deed upon sale has been recorded [a servicer] *shall* be liable to a borrower for actual

3   economic damages.") (emphasis added). The end result is that by refusing to record a deed upon

4   sale, lenders could effectively immunize themselves from liability under 2924.12. In such a case,

5   with no available statutory remedy, plaintiffs will be left with the option of pursuing an action at

6   common law for wrongful foreclosure. However, because Section 2923.6 and related provisions

7   provide rights for homeowners who are in danger of foreclosure, it likely will often be the case that

8   for plaintiffs bringing such actions, tender will be infeasible, if not impossible. To require tender in

9   such cases would leave plaintiffs with no recourse for clear statutory violations.

10       For the foregoing reasons, the Court declines to dismiss the Complaint on the basis of

11   failure to allege tender. If after further factual development the Court determines that Plaintiff must

12   tender to recover in equity, the Court has the discretion to condition any eventual rescission of the

13   foreclosure sale upon tender of the unpaid debt. *See* Cal. Civ. Code § 1692 ("If in an action or

14   proceeding a party seeks relief based upon rescission, the court may require the party to whom

15   such relief is granted to make any compensation to the other which justice may require and may

16   otherwise in its judgment adjust the equities between the parties."). In other words, should Plaintiff

17   eventually prevail on his common law claim for wrongful foreclosure, "the court may make a

18   tender of restoration a condition of its judgment" setting aside the foreclosure sale. § 1693.

19   **IV.    CONCLUSION**

20       For the foregoing reasons, the Court DENIES Defendants' motion to dismiss. The Court

21   finds that Section 2924.12 authorizes a private right of action to enforce violations of 2923.6, and

22   that the Complaint states a claim for relief under these two statutes. The Court also declines to

23   dismiss the Complaint for failure to tender, finding further factual development is needed to

24   determine the equities.

25   **IT IS SO ORDERED.**

26   Dated: April 16, 2014

27                                LUCY H. KOH
                                 United States District Judge

28

Case No.: 13-CV-04040-LHK
ORDER DENYING MOTION TO DISMISS